JUL 21 2026 PM1:06
FILED - USDC - FLMD - ORL

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

## ORLANDO DIVISION

TIERA DANIELLE BROOME

JURY TRIAL DEMANDED

Plaintiff,                                  Case No. 6:26-cv-01577-JSS-LHP

v.

EQUIFAX INFORMATION SERVICES LLC

Defendant.

## COMPLAINT

Plaintiff Tiera Danielle Broome ("Ms. Broome") brings this action against Defendant Equifax Information Services LLC ("Equifax") and alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages and costs brought by Ms. Broome against Equifax for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

## JURISDICTION AND VENUE

2. Jurisdiction arises under the FCRA, 15 U.S.C. § 1681p.

3. Equifax is subject to the provisions of the FCRA and is subject to the jurisdiction of the Court.

4. Venue is proper in this District because Plaintiff resides in Orange County, Florida, and a substantial part of the events or omissions giving rise to the claims occurred in this District.

1

## PARTIES

5. Ms. Broome is a natural person residing in Orange County, Florida.

6. Ms. Broome is a consumer as defined by 15 U.S.C. § 1681a(c).

7. Equifax is a nationwide consumer reporting agency ("CRA") within the meaning of 15 U.S.C. § 1681a(f). Equifax regularly assembles or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties and uses means or facilities of interstate commerce to prepare or furnish consumer reports. As a CRA, Equifax is aware of its obligations under the FCRA.

8. At all relevant times, any reference to "Equifax" or "Defendant" includes its agents, employees, representatives, officers, directors, subsidiaries, affiliates, parents, successors, assigns, contractors, and all persons or entities acting on its behalf or under its control, whether directly or indirectly.

## FACTS

9. The FCRA requires every consumer reporting agency, upon request and proper identification, to clearly and accurately disclose to the consumer all information in the consumer's file at the time of the request. 15 U.S.C. § 1681g(a)(1).

10. Congress imposes two independent requirements on consumer reporting agencies: consumer disclosures must be made clearly and accurately so consumers may fully understand the contents of their files.

11. These requirements allow consumers to compare disclosed information with their own records, identify inaccuracies, and correct them before the information is disclosed to third parties.

12. A consumer reporting agency that provides a disclosure that is neither clear nor accurate, or that omits pertinent information required to identify, understand, and verify the contents of the file, fails to provide the disclosure required by the FCRA.

2

13. On July 11, 2026, Ms. Broome requested her Equifax consumer file disclosure through the centralized source AnnualCreditReport.com.

14. Ms. Broome provided Defendant with all proper identification required under 15 U.S.C. § 1681h, thereby triggering Defendant's obligation to provide a complete consumer file disclosure.

15. Equifax electronically furnished Ms. Broome a PDF copy of her consumer file disclosure on July 11, 2026. The disclosure was dated July 11, 2026 and issued under confirmation number 6192534971.

16. Ms. Broome requested, received, and reviewed the disclosure while residing in Orlando, Orange County, Florida.

17. The disclosure was not clear because the information was presented in a manner that Ms. Broome could not reasonably understand. The disclosure prevented her from reliably matching the reported information to her own records or meaningfully investigating it with the purported furnishers.

18. The disclosure was also incomplete and inaccurate because it omitted material information that, upon information and belief, Defendant maintained or could access at the time of Ms. Broome's request.

19. As a result, Equifax failed to clearly and accurately disclose all information in Ms. Broome's file, in violation of 15 U.S.C. § 1681g(a)(1).

<u>**ACCOUNTS AT ISSUE**</u>

20. Any reference to the accounts at issue refers to the following derogatory accounts identified in the consumer disclosure dated July 11, 2026, issued under confirmation number 6192534971:

- Ally Credit Card, partial account number *2112

- Midland Credit Management, partial account number *9466

- Jefferson Capital LLC, partial account number *0786

- Upgrade Inc., partial account number *2589

3

- Upgrade Inc., partial account number *5045

- Wells Fargo Card Services, partial account number *8778

- TD Bank USA/Target Credit, partial account number *8584

- Helzberg Credit Card, partial account number *8476

- Comenity Capital/Sephora Card, partial account number *9233

- Comenity Bank/Victoria's Secret, partial account number *8183

- Comenity Capital/Ulta MC, partial account number *5006

- Mission Lane/Tab Bank, partial account number *6811

21. Specifically, with respect to the following accounts: Ally Credit Card, partial account number *2112; Midland Credit Management, partial account number *9466; Jefferson Capital LLC, partial account number *0786; Upgrade Inc., partial account number *2589; Upgrade Inc., partial account number *5045; Wells Fargo Card Services, partial account number *8778; TD Bank USA/Target Credit, partial account number *8584; Helzberg Credit Card, partial account number *8476; Comenity Capital/Sephora Card, partial account number *9233; Comenity Bank/Victoria's Secret, partial account number *8183; Comenity Capital/Ulta MC, partial account number *5006; Mission Lane/Tab Bank, partial account number *6811, Defendant failed to clearly and accurately disclose the full account numbers or complete account identifiers that it maintained or had access to at the time of Ms. Broome's request. Instead, Defendant disclosed only partial account numbers consisting of four characters.

22. Defendant disclosed only partial account numbers and identifiers, limited to four characters for each account, such as "*2112," while withholding, truncating, or omitting the remaining digits and characters.

23. Defendant further displayed asterisk marks in place of the undisclosed portions, indicating that additional information existed but was not provided.

4

24. Upon information and belief, at the time of Ms. Broome's request, Defendant maintained or had access to additional digits and complete account identifiers for Ally Credit Card, partial account number *2112; Midland Credit Management, partial account number *9466; Jefferson Capital LLC, partial account number *0786; Upgrade Inc., partial account number *2589; Upgrade Inc., partial account number *5045; Wells Fargo Card Services, partial account number *8778; TD Bank USA/Target Credit, partial account number *8584; Helzberg Credit Card, partial account number *8476; Comenity Capital/Sephora Card, partial account number *9233; Comenity Bank/Victoria's Secret, partial account number *8183; Comenity Capital/Ulta MC, partial account number *5006; Mission Lane/Tab Bank, partial account number *6811. Defendant nevertheless failed to disclose those additional digits and omitted the remaining portions of the account numbers from the disclosure.

25. As a result, Ms. Broome was unable to reliably match the disclosed accounts to her own records, investigate the information with the furnishers, or confidently verify the accuracy and completeness of the information contained in her consumer file.

26. Defendant has previously disclosed more than four digits of consumers' account numbers and provided fuller account identifiers in consumer file disclosures and consumer reports, including disclosures and reports issued in or around the 1990s, as reflected in the historical Equifax evidence reproduced below

Please address all future
correspondence to this address ♦

EQUIFAX CREDIT INFORMATION SERVICES
P O BOX 740258
ATLANTA, GA 30374

(800)879-4034

DATE  03/08/94

## CREDIT HISTORY

| Company Name | Account Number | Whose Acct | Date Opened | Months Reviewed | Date Of Last Activity | High Credit | Terms | Items as of Date Reported | | | Date Reported |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | Balance | Past Due | Status | |
| ABC CR CRD | 45612896547 | I | 03/88 | 29 | 02/93 | 1000 | 15 | 300 | | R1 | 03/93 |
| AMOUNT IN H/C COLUMN IS CREDIT LIMIT | | | | | | | | | | | |
| ABC CR CRD | 155568878456 | J | 12/92 | | | 1000 | | 0 | | R0 | 03/93 |
| AMOUNT IN H/C COLUMN IS CREDIT LIMIT | | | | | | | | | | | |
| ASC DEPT S | 8445-1134667889 | I | 09/89 | 10 | 05/90 | 1500 | | 0 | | I1 | 06/90 |
| CLOSED ACCOUNT | | | | | | | | | | | |
| ABC DEPT S | 1154667899 | I | 05/88 | 06 | 01/91 | 700 | 13 | 0 | | R1 | 02/91 |
| ACCOUNT CLOSED BY CONSUMER | | | | | | | | | | | |
| CBS DEPT S | 46655231 | I | 09/88 | 23 | 02/93 | 300 | 10 | 100 | | R1 | 04/93 |
| >>> PRIOR PAYING HISTORY - 3C(02)60(00)90+(00) 02/90-R2,11/89-R2  <<< | | | | | | | | | | | |
| AMOUNT IN H/C COLUMN IS CREDIT LIMIT | | | | | | | | | | | |
| CBS DEPT S | 11-46655231 | I | 09/88 | 11 | 01/90 | 300 | 10 | 0 | | R1 | 01/90 |
| ACCOUNT TRANSFERRED OR SOLD | | | | | | | | | | | |
| AMOUNT IN H/C COLUMN IS CREDIT LIMIT | | | | | | | | | | | |
| DEPT STR | 7856428913 | I | 09/91 | 16 | 01/93 | 800 | 15 | 325 | 325 | R5 | 05/93 |
| COLLECTION ACCOUNT | | | | | | | | | | | |
| NBC SAVBLN | 36987459541 | J | 02/93 | 03 | 04/93 | 15K | 400 | 14K | | I1 | 03/93 |
| ABC CR CRD | 22113456 | A | 02/85 | 16 | 09/87 | 1000 | 10 | 0 | | R1 | 10/87 |
| ACCOUNT CLOSED BY CONSUMER | | | | | | | | | | | |
| CBS BANK | 55647C | C | 03/89 | 20 | 08/91 | 3000 | 58 | 0 | | I1 | 08/91 |
| CLOSED ACCOUNT | | | | | | | | | | | |
| 185DEPTSTR | 324897 | A | 06/88 | 16 | 05/84 | 1000 | 12 | 0 | | R1 | 09/91 |
| BANK | 552214766 | J | 06/92 | 08 | 05/93 | 1900 | 90 | 500 | | R1 | 05/93 |

>>> COLLECTION REPORTED 03/93:  ASSIGNED 01/93 TO TBS COLL (212)555-2222
    CLIENT-TPD:  AMOUNT-850:  PAID 03/93:  BALANCE-$0 02/93
    DATE OF LAST ACTIVITY 12/92: . INDIVIDUAL:  ACCOUNT NUMBER 4879

>>>>>>>>>>>>>>   COLLECTION AGENCY TELEPHONE NUMBER(S)    <<<<<<<<<<<<<

    TBS COLL  (212)555-2222

EQUIFAX CREDIT INFORMATION SERVICES
P O BOX 740256
ATLANTA, GA 30274

MAY 09, 1994

DEAR CUSTOMER,

THANK YOU FOR REQUESTING YOUR CREDIT FILE, COMMONLY CALLED A CONSUMER CREDIT REPORT.

YOUR CREDIT REPORT CONTAINS INFORMATION RECEIVED PRIMARILY FROM THE COMPANIES WHO HAVE GRANTED YOU CREDIT AND FROM COURTHOUSE SOURCES. GREAT CARE HAS BEEN TAKEN TO REPORT THIS INFORMATION ACCURATELY. PLEASE HELP US IN ACHIEVING EVEN GREATER ACCURACY.

THE ENCLOSED FORM, "HOW TO READ YOUR CREDIT REPORT", EXPLAINS THE DIFFERENT PARTS OF A CREDIT REPORT AND WILL HELP YOU UNDERSTAND YOUR OWN CREDIT REPORT. PLEASE REVIEW ALL THE ENCLOSED MATERIAL CAREFULLY.

IF THERE ARE ANY ITEMS WHICH YOU BELIEVE ARE INCORRECT, PLEASE COMPLETE THE RESEARCH REQUEST FORM PROVIDED AND RETURN IT TO THE ADDRESS SHOWN IN THE UPPER RIGHT-HAND CORNER OF YOUR CREDIT REPORT. SENDING IT TO ANY OTHER ADDRESS WILL DELAY THE PROCESSING OF YOUR REQUEST.

EQUIFAX IS CONTINUING TO DEVELOP WAYS THAT ASSIST YOU IN UNDERSTANDING YOUR CREDIT INFORMATION. WE WELCOME ANY SUGGESTIONS AND COMMENTS YOU MAY HAVE.

THANK YOU FOR GIVING EQUIFAX CREDIT INFORMATION SERVICES THE OPPORTUNITY TO SERVE YOU.

7

Case: 1:05-cv-00138 Document #: 57-4 Filed: 12/15/05 Page 2 of 46 PageID #:657

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| HEATHER GILLESPIE and ANGELA CINSON, individually and on behalf of all similarly situated individuals, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No.    05-C-0138 |
| v. | ) ) | Judge Kennelly Magistrate Judge Ashman |
| EQUIFAX INFORMATION SERVICES LLC, | ) ) ) | |
| Defendant. | ) | |

**AFFIDAVIT OF ALICIA FLUELLEN**

1.    I am a Director in the Office of Consumer Affairs for Equifax Information Services, LLC, successor in interest of Equifax Credit Information Services, Inc. ("Equifax"). I am over the age of 21 and otherwise competent to testify.

2.    As director in the Office of Consumer Affairs, my duties entail investigating and supervising the investigations into consumer disputes. I have reviewed the Equifax's records concerning the credit history and handling of plaintiffs' credit file. I have personal knowledge of the facts herein stated, except to the extent that I state herein another source for my knowledge.

3.    Equifax is a consumer reporting agency as defined by the FCRA § 1681a(f). Equifax assembles and produces credit reports for use by its clients in evaluating the potential credit risk of consumers.

4.    Equifax accepts information on a consumer's credit only from those sources of credit information, which includes banks, creditors and merchants, which,

8

either on the basis of its prior experience, or because of the particular source's reputation, are determined by Equifax to be reasonably reliable sources of information.

5.  In order to provide more prompt, current and complete records to its customers, Equifax operates an automated credit reporting system. A consumer's credit file is contained in a data bank stored in a computer system that is regularly updated via automated computer tapes or form information transmitted directly by credit grantors or other subscribers.

6.  In order to ensure consistency and accuracy in the reporting industry, the three major consumer reporting agencies, Equifax, Trans Union and Experian Information Solutions, along with several large furnishers of credit, helped create a standardized method of reporting information to the consumer reporting agencies known as the Metro II Format.

7.  The Metro 2 Format is the industry guideline and standard for reporting consumer credit information to consumer reporting agencies.

8.  The reporting periods are clearly described to Equifax consumers in the "Summary of Your Rights Under the Fair Credit Reporting Act" and "Facts You Should Know" inserts which are provided to consumers when they contact Equifax to request their credit file as follows:

### FACTS YOU SHOULD KNOW

Payment history on your credit file is supplied by credit grantors with whom you have credit. This includes both open accounts and accounts that have already been closed. Payment in full does not remove your payment history. The length of time information remains in your credit file is shown below.

| | |
|---|---|
| Credit Accounts: | Accounts paid as agreed remain for up to 10 years. Accounts not paid as agreed remain for 7 years. |
| Collection Accounts: | Remain for 7 years. |

9.  Equifax maintains separate credit files on Plaintiffs Heather Gillespie ("Plaintiff Gillespie") and Angela Cinson ("Plaintiff Cinson").

2

9005530 1

10. On December 2, 2004, Plaintiff Gillespie requested a copy of her credit report (called a consumer disclosure) from Equifax.

11. Equifax provided this report to Plaintiff Gillespie the same day. (*See* December 2, 2004 Disclosure attached hereto as Exhibit "A").

12. The report contained the following Direct Merchants and Sherman entries:

**Direct Merchants Creditcard Bk**

| Account No. | Date Creditor Description | High Open Classification | Credit Credit | Terms Limit | Terms Duration | Mnths Frequency | Activity Revd. |
|---|---|---|---|---|---|---|---|
| 545800180305 | 04/1999 | $4,800 | | | | | Transfer/Sold/Paid |

| Item as of | Balance Charge | Amount | Date of Actual | Scheduled | Date of | Date Maj |
|---|---|---|---|---|---|---|
| Date Reported | Amount Off Amt | Past Due | Last Pmt Pmt Amt | Pmt Amt | Last Activity | Del. 1st Rptd |
| 09/2004 | $0 | | | $6,236 | 07/2001 | |

| Balloon Pay Amount | Balloon Pay Date | Date Closed 12/2001 |
|---|---|---|

Current Status – Charge Off; Type of Account – Revolving; type of Loan – Charge Account; Whose Account – Individual Account; ADDITIONAL INFORMATION – Account Transferred or Sold; Account Transferred or Sold;

| Account History With Status Codes | 08/2004 L | 06/2002 L | 03/2002 4 | 02/2002 4 | 01/2002 4 | 12/2001 3 | 11/2001 2 | 10/2001 1 |
|---|---|---|---|---|---|---|---|---|

**Sherman Acquisition**

| Account No. | Date Creditor Open Classification | High Credit | Credit Limit | Terms Duration | Terms Frequency | Mnths Revd. | Activity Description |
|---|---|---|---|---|---|---|---|
| METRI-5800180305* | Financial | $6,236 | | | | 24 | |

| Item as of | Balance Charge | Amount | Date of Actual | Scheduled | Date of | Date Maj |
|---|---|---|---|---|---|---|
| Date Reported | Amount Off Amt | Past Due | Last Pmt Pmt Amt | Pmt Amt | Last Activity | Del. 1st Rptd |
| 10/2004 | $6,861 | $6,861 | | | 9/2001 | |

| Balloon Pay Amount | Balloon Pay Date | Date Closed |
|---|---|---|

Current Status-Over 120 Days Past Due; Type of Account – Open; Type of Loan – Factoring Company Account; Whose Account-Individual Account; ADDITIONAL INFORMATION – Collection Account

3

9005530.1

27. In Heather Gillespie and Angela Cinson v. Equifax Information Services LLC, Case No. 05-C-0138 (N.D. Ill.), Defendant submitted an affidavit from Alicia Fluellen, Director of the Office of Consumer Affairs for Equifax Information Services LLC. Ms. Fluellen testified that, on December 2, 2004, Heather Gillespie requested a copy of her consumer report, referred to by Equifax as a consumer disclosure, and that Equifax provided it that same day. The affidavit and disclosure show the Direct Merchants and Sherman entries and display the account number "545800180305."

28. This evidence demonstrates that Defendant possessed the capability to disclose more than four digits of account numbers in consumer file disclosures provided in response to consumers' requests and in consumer reports.

29. Upon information and belief, Defendant's disclosure practices demonstrate that Defendant does not meaningfully distinguish, within its policies, procedures, systems, and disclosure practices, between information maintained and disclosed in a consumer report and information required to be disclosed pursuant to 15 U.S.C. § 1681g(a)(1).

30. This capability is further demonstrated by the fact that other consumer reporting agencies, including TransUnion and Experian, provide more than four digits of account numbers and fuller account identifiers when consumers request disclosures through the centralized source AnnualCreditReport.com.

31. Defendant was therefore capable of providing more complete account identifiers at the time of Ms. Broome's request.

32. Upon information and belief, with respect to the Ally Credit Card account ending in 2112, Defendant maintained or had access to, but failed to clearly and accurately disclose, the date of last activity, activity designator, and date closed. The disclosure identifies derogatory account information while leaving these applicable fields blank.

11

33. Upon information and belief, with respect to the Midland Credit Management debt-buyer account ending in 9466, Defendant maintained or had access to, but failed to clearly and accurately disclose, the original creditor, date of last activity, activity designator, and date closed. The disclosure identifies derogatory account information while leaving these applicable fields blank.

34. Upon information and belief, with respect to the Jefferson Capital LLC debt-buyer account ending in 0786, Defendant maintained or had access to, but failed to clearly and accurately disclose, the original creditor, date of last activity, activity designator, and date closed. The disclosure identifies derogatory account information while leaving these applicable fields blank.

35. Upon information and belief, with respect to the Upgrade Inc. account ending in 2589, Defendant maintained or had access to, but failed to clearly and accurately disclose, the date of last activity, activity designator, and date closed. The disclosure identifies derogatory account information while leaving these applicable fields blank.

36. Upon information and belief, with respect to the Upgrade Inc. account ending in 5045, Defendant maintained or had access to, but failed to clearly and accurately disclose, the date of last activity, activity designator, and date closed. The disclosure identifies derogatory account information while leaving these applicable fields blank.

37. Upon information and belief, with respect to the Wells Fargo Card Services account ending in 8778, Defendant maintained or had access to, but failed to clearly and accurately disclose, the date of last activity, activity designator, and date closed. The disclosure identifies derogatory account information while leaving these applicable fields blank.

38. Upon information and belief, with respect to the TD Bank USA/Target Credit account ending in 8584, Defendant maintained or had access to, but failed to clearly and accurately disclose, the date of last activity, activity designator, and date closed. The disclosure identifies derogatory account information while leaving these applicable fields blank.

12

39. Upon information and belief, with respect to the Helzberg Credit Card account ending in 8476, Defendant maintained or had access to, but failed to clearly and accurately disclose, the date of last activity. The disclosure identifies derogatory account information while leaving these applicable fields blank.

40. Upon information and belief, with respect to the Comenity Capital/Sephora Card account ending in 9233, Defendant maintained or had access to, but failed to clearly and accurately disclose, the date of last activity. The disclosure identifies derogatory account information while leaving these applicable fields blank.

41. Upon information and belief, with respect to the Comenity Bank/Victoria's Secret account ending in 8183, Defendant maintained or had access to, but failed to clearly and accurately disclose, the date of last activity. The disclosure identifies derogatory account information while leaving these applicable fields blank.

42. Upon information and belief, with respect to the Comenity Capital/Ulta MC account ending in 5006, Defendant maintained or had access to, but failed to clearly and accurately disclose, the date of last activity. The disclosure identifies derogatory account information while leaving these applicable fields blank.

43. Upon information and belief, with respect to the Mission Lane/Tab Bank account ending in 6811, Defendant maintained or had access to, but failed to clearly and accurately disclose, the date of last activity, date major delinquency was first reported, and activity designator. The disclosure identifies derogatory account information while leaving these applicable fields blank.

44. These omissions rendered the disclosure incomplete, unclear, and misleading and prevented Ms. Broome from identifying the accounts with certainty, understanding the information being disclosed, and verifying the completeness and accuracy of the information contained in her file.

45. Upon information and belief, Defendant possessed and maintained the capability, through its systems, data repositories, furnishing relationships, agreements governing the transmission of Metro 2® and other account-level data, data pipelines, vendors, affiliates, and integrated consumer-reporting infrastructure, to disclose additional account identifiers and the applicable account-level information relating to the accounts at issue.

46. That capability is demonstrated by Defendant's historical consumer disclosures and consumer reports in which fuller account identifiers and the same types of account-level information have been disclosed for other accounts.

47. Upon information and belief, the furnishers of the accounts at issue provided Defendant with complete account numbers or more than four digits of the identifiers, as well as the applicable account-level information identified above.

48. Upon information and belief, Defendant maintained this information within its systems or otherwise had it within its possession, custody, control, or practical ability to access at the time of Ms. Broome's request, regardless of where the information was stored. Despite having access to that information, Defendant failed to clearly and accurately disclose it.

49. The information alleged to have been incomplete, truncated, omitted, or not clearly and accurately disclosed consists of material account-level information necessary for Ms. Broome to identify the accounts, match them to her records, detect inaccuracies or omissions, investigate the information with the purported furnishers, and prepare a meaningful dispute.

50. Without this information, Ms. Broome could not fully understand, verify, or meaningfully challenge the information maintained in her consumer file.

51. This impaired Ms. Broome's ability to utilize the dispute and reinvestigation procedures set forth under 15 U.S.C. § 1681i and undermined the purpose of 15 U.S.C. § 1681g(a)(1).

## STATUTORY FRAMEWORK

52. The FCRA requires that a consumer reporting agency, upon request, clearly and accurately disclose to the consumer all information in the consumer's file at the time of the request. 15 U.S.C. § 1681g(a)(1).

53. The FCRA does not require a plaintiff to show an inaccuracy in reporting to establish a violation of the disclosure provision itself. Section 1681g(a)(1) imposes a distinct duty to disclose information in a consumer's file upon request.

54. The requirement to disclose all information in a consumer's file is not limited by the manner or location in which the information is stored.

55. A consumer reporting agency must disclose information it maintains or can access even if that information is kept in separate systems or databases, because restricting disclosure based on storage location would defeat the purpose of the FCRA.

56. The statute imposes two independent requirements: disclosures must be made clearly and accurately so consumers may fully understand the contents of their files.

57. A disclosure that is unclear, or that omits or truncates material information contained in a consumer's file, does not satisfy 15 U.S.C. § 1681g(a)(1).

58. Webster's Third New International Dictionary (3d ed. 1986) defines "clearly" as in a clear manner, without doubt or confusion, and "accurately" as in an accurate manner.

59. Defendant's disclosure omitted applicable data fields, left fields blank without explanation, and failed to provide sufficient information for Ms. Broome to identify and understand the accounts.

60. To provide a clear disclosure, Defendant was required to present the information in a manner that allowed Ms. Broome to understand the contents of her consumer file, identify the information being reported, match it to her records, and determine whether material information had been omitted.

15

61. To provide an accurate disclosure, Defendant was required to accurately and completely disclose all information contained in, or otherwise maintained as part of, Ms. Broome's consumer file at the time of her request, regardless of where it was stored.

62. Defendant failed to provide sufficient context or explanation to enable Ms. Broome to understand the disclosed information or recognize the scope of the omitted information.

63. These omissions impaired Ms. Broome's ability to identify the accounts, research their origin with the purported furnishers, match the accounts to her records, and verify the completeness, clarity, and accuracy of her consumer file disclosure.

64. This impairment prevented Ms. Broome from meaningfully utilizing the dispute and reinvestigation procedures set forth under 15 U.S.C. § 1681i.

65. As a result, Defendant failed to provide a clear and accurate disclosure and violated Ms. Broome's rights under 15 U.S.C. § 1681g(a)(1).

## ACTUAL DAMAGES

66. As a result of Equifax's failure to clearly and accurately disclose all information contained in Ms. Broome's consumer file, she spent significant time attempting to interpret and understand a materially incomplete and confusing disclosure.

67. Ms. Broome reviewed the disclosure multiple times and repeatedly attempted to match the incomplete and truncated information to her personal records, but she could not reliably do so.

68. The omissions impaired Ms. Broome's ability to meaningfully review, understand, investigate, and verify the completeness, clarity, and accuracy of the information in her consumer file disclosure.

69. Because Equifax withheld complete account identifiers, Ms. Broome could not confidently determine whether each reported account corresponded to her transactions or to a different account, transaction, or individual.

70. The incomplete identifiers and omitted account-level information caused Ms. Broome confusion, frustration, anger, anxiety, and emotional distress and made investigating the information with the purported furnishers more difficult.

71. Equifax's omissions prevented Ms. Broome from preparing a complete, meaningful, informed, and effective dispute concerning the information maintained in her consumer file.

72. Had Equifax clearly and accurately disclosed all information in her file, Ms. Broome could have compared the information to her records, investigated it with the purported furnishers, identified potential inaccuracies or omissions, and prepared a more precise and informed dispute.

73. Equifax's failure deprived Ms. Broome of that opportunity and caused concrete informational harm, lost time, confusion, frustration, anxiety, anger, and emotional distress.

74. Equifax's failure to clearly and accurately disclose all information in Ms. Broome's file was a direct and proximate cause of her harm.

## EQUIFAX'S ACTIONS WERE WILLFUL

75. Defendant knew, or recklessly disregarded, that the FCRA requires a consumer reporting agency, upon request, to clearly and accurately disclose all information contained in a consumer's file at the time of the request.

76. Upon information and belief, Defendant possessed and maintained the capability, through its systems, policies, procedures, data repositories, furnishing relationships, Metro 2® reporting infrastructure, vendors, affiliates, and integrated consumer-reporting systems, to disclose the omitted information identified in this Complaint.

77. Defendant's historical consumer disclosures, consumer reports, litigation submissions, and sworn affidavit testimony demonstrate that Defendant has previously disclosed more than four digits of account numbers and additional account-level information to consumers.

17

78. Upon information and belief, Defendant's failure was not an isolated error. It resulted from policies, practices, procedures, disclosure templates, or systems that truncate, omit, or withhold material account identifiers and account-level information from consumer file disclosures.

79. Upon information and belief, Defendant knew, or recklessly disregarded, that these disclosure practices would impair consumers' ability to identify accounts, compare information with their records, investigate it with furnishers, and determine whether their files were complete, clear, and accurate.

80. Despite that knowledge, Defendant furnished Ms. Broome a consumer file disclosure that omitted and truncated material information while representing that it constituted the disclosure required by 15 U.S.C. § 1681g(a)(1).

81. Defendant's conduct was knowing or, at minimum, constituted a reckless disregard of its statutory obligations. Accordingly, Defendant's violations were willful within the meaning of 15 U.S.C. § 1681n.

## CAUSE OF ACTION

### Violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681g(a)(1)

### Failure to Clearly and Accurately Disclose All Information Contained in Plaintiff's Consumer File

82. Ms. Broome realleges and incorporates by reference each preceding allegation as though fully set forth herein.

83. At all relevant times, Equifax was a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and was subject to the disclosure requirements of the FCRA.

84. Ms. Broome requested her consumer file disclosure and provided all information necessary to establish her identity, thereby triggering Defendant's duty under 15 U.S.C. § 1681g(a)(1).

18

85. Defendant violated 15 U.S.C. § 1681g(a)(1) by failing to clearly and accurately disclose all information contained in Ms. Broome's consumer file, including complete account identifiers and the applicable material account-level information described above.

86. Defendant's disclosure was incomplete, unclear, and materially misleading because it omitted information necessary for Ms. Broome to identify the reported accounts, understand the disclosed information, compare it with her records, investigate it with the purported furnishers, and verify its completeness, clarity, and accuracy.

87. Upon information and belief, Defendant's violations resulted from policies, practices, procedures, disclosure templates, or systems that intentionally or recklessly withheld or omitted material information despite Defendant's demonstrated capability to disclose that information.

88. As a direct and proximate result of Defendant's violations, Ms. Broome suffered the informational, actual, and emotional harms alleged throughout this Complaint.

89. Defendant's conduct was willful within the meaning of 15 U.S.C. § 1681n and/or negligent within the meaning of 15 U.S.C. § 1681o, entitling Ms. Broome to all available relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant Equifax Information Services LLC and award the following relief:

a. The greater of statutory damages of up to $1,000 per violation or actual damages pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and/or 1681o(a)(1);

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c. Costs of this action; and

d. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Tiera Danielle Broome, Pro Se

/s/ Tiera Danielle Broome

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been delivered to all entitled parties through the Court's electronic filing system.

/s/ Tiera Danielle Broome

4737 Hoffner Avenue, Apt. 8102

Orlando, Florida 32812

Email: msbroome1@outlook.com

Dated: July 15, 2026